Affirmed and Memorandum Opinion filed December 19, 2006








Affirmed and Memorandum Opinion filed December 19, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01044-CR

____________

 

EDUARDO CANINO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 185th
District Court

Harris County, Texas

Trial Court Cause No. 1026225

 



 

M E M O R A N D U M   O P I N I O N

Challenging his sentence and conviction for unlawful
possession of a controlled substance, appellant Eduardo Canino essentially
asserts, in four issues, that article 1.15 of the Texas Code of Criminal
Procedure is unconstitutional as it denies him the rights to compulsory
process. We affirm. 








I.  Factual and Procedural
Background

On May 7, 2005, appellant Eduardo Canino was charged by
information with the offense of unlawful possession of a controlled substance. 
This charge was enhanced with two prior felony convictions.  Appellant waived
his right to trial by jury, and entered a plea of guilty without an agreed
recommendation, and also pleaded true to the enhancement paragraphs.  On June
2, 2005, the trial court found that the evidence supported appellant=s guilt, deferred
proceedings without entering an adjudication of guilt, and placed appellant on
community supervision for six years, and assessed a fine in the amount of $500.


On June 17, 2005, the State filed a motion to adjudicate,
and an amended motion to adjudicate on August 22, 2005.  In response, appellant
pleaded not true to the first allegation in the motion, but true to the second
allegation in the motion.  Following a hearing, the trial court found both
allegations true, found appellant guilty of the charged offense, and sentenced
appellant to twenty years= confinement in the Texas Department of
Criminal Justice, Institutional Division. 

II. Analysis








Appellant raises four points of error challenging the
constitutionality of article 1.15 of the Texas Code of Criminal Procedure on
the grounds that it operates to deprive appellant of his right to compulsory
process.  See Tex. Code Crim.
Proc. Ann. art. 1.15 (Vernon Supp. 2005) (setting forth the statutory
procedure for entering and accepting a plea of guilty or nolo contendere to a
felony offense).  Specifically, he asserts the statutory procedure permits only
the State to produce evidence of a defendant=s guilt, in
violation of both his state and federal constitutional rights to compulsory
process.  Appellant also asserts that both the state and federal constitutions
require an express waiver of the right to compulsory process.  In response, the
State asserts this court lacks jurisdiction to consider appellant=s issues on
appeal.  The State also argues, in the alternative, that article 1.15 of the
Texas Code of Criminal Procedure is not unconstitutional and that appellant=s constitutional
rights to offer evidence were not violated.  As a threshold issue, we determine
whether we have jurisdiction to consider the merits of appellant=s issues on
appeal. 

A defendant placed on deferred adjudication community
supervision may raise issues relating to the original plea proceeding, such as
evidentiary sufficiency, only in appeals taken when deferred adjudication
community supervision is first imposed.  See Manuel v. State, 994 S.W.2d
658, 660 (Tex. Crim. App. 1999) (holding that complaints that conviction was
obtained in violation of Article 1.15 and Texas Constitution article I, ' 19, because the
evidence adduced at the original plea proceeding been insufficient to prove his
guilt were untimely).  There are two exceptions to the general rule stated in Manuel:
the Avoid judgment@ exception and the
Ahabeas corpus@  exception.  See
Nix v. State, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001) (discussing the
possibility of a Avoid judgment@ claim); Jordan
v. State, 54 S.W.3d 783, 785 (Tex. Crim. App. 2001) (reaffirming the void
judgment exception and noting the Ahabeas corpus@ exception to the
prohibition against attacking the original conviction upon revocation).   

Appellant=s complaint arises from his conviction and
punishment, not the revocation of his community supervision. Therefore, he was
required to appeal within thirty days after he was placed on community
supervision on June 2, 2005.  See Tex.
R. App. P. 26.2(a)(1) (where no motion for new trial is filed, defendant
must appeal within 30 days after sentence is imposed or suspended); Tex. Code Crim. Proc. Ann. art. 42.12, ' 23(b) (Vernon
Supp. 2005) (concluding that defendant=s right to appeal
conviction and punishment accrues when defendant is placed on community
supervision).  Appellant=s community supervision was revoked on
September 15, 2005.  Appellant did not bring this appeal until October 4,
2005.  Appellant did not appeal his conviction and sentence within thirty days
of the date his community service was imposed and, therefore, his appeal is
untimely. 








Because the issues raised in this appeal relate to the
original cause in which appellant received deferred adjudication community
supervision, this court lacks jurisdiction over this appeal.  See
Hargesheimer v. State, 182 S.W.3d 906, 910B12 (Tex. Crim.
App. 2006) (endorsing the general rule set forth in Manuel that a
defendant can raise appeals relating to original conviction only when first
placed on deferred adjudication);  Watson v. State, No. 14-03-01156-CR,
2004 WL 1440668, at *1B2 (Tex. App.CHouston [14th
Dist.] Jun. 29, 2004, pet. ref=d) (concluding that court of appeals
lacked jurisdiction to entertain defendant=s claims
challenging the constitutionality of article 1.15 of the Texas Code of Criminal
Procedure on the grounds that it operates to deprive appellant of his right to
compulsory process pertaining to plea proceedings, where defendant did not
appeal from trial court=s order placing defendant on community
supervision but brought claims only after his community supervision was
revoked).  Accordingly, we dismiss the appeal for lack of jurisdiction.

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

Judgment rendered
and Memorandum Opinion filed December 19, 2006.

Panel consists of
Justices Fowler, Edelman, and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).